UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_Michael Tracy Walker_

_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_Taimur Raja, David_
_Vazquez, Estharlin_
_Lopez, Kyle Brown_

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

**COMPLAINT**

under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☒ Yes  ☐ No
(check one)

# 17CV 6434

I.    **Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of
confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper
as necessary.

Plaintiff   Name   _Michael Tracy Walker_
            ID #   _1411700 256_
            Current Institution   _North Infirmary Command (N.I.C)_
            Address   _1500 Hazen st East Elmhurst_
                      _Queens NY 11370   Dorm 1_

B.    List all defendants' names, positions, places of employment, and the address where each defendant
may be served.  Make sure that the defendant(s) listed below are identical to those contained in the
above caption.  Attach additional sheets of paper as necessary.

*Rev. 05/2007*                                    1

Defendant No. 1    Name _TAIMUR RAJA_   Shield # _19639_
Where Currently Employed _70 pct_
Address _____
_BRlYN NY 11230_

Defendant No. 2    Name _DAVID VAZQUEZ_   Shield # _20393_
Where Currently Employed _70 pct_
Address _____
_BRlYN NY 11230_

Defendant No. 3    Name _ESTHARlIN LOPEZ_   Shield # _17248_
Where Currently Employed _70 pct_
Address _____
_BRlYN NY 11230_

Defendant No. 4    Name _Kyle BrowN_   Shield # _16513_
Where Currently Employed _70 pct_
Address _____
_BRlYN NY 11230_

Defendant No. 5    Name _____   Shield # _____
Where Currently Employed _____
Address _____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.    Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur? _This Claim did Not derive on a Jnstitution it was at 1058 coneyelsiand Ave BRlYNNY 11230_

B.    Where in the institution did the events giving rise to your claim(s) occur? _This claim els against New York City government officials at the 70 pct_

C.    What date and approximate time did the events giving rise to your claim(s) occur? _The date that this assult by the police officer happen on JAN 8th 2017 730pm_

D.   Facts:   IN AND Around the date of JAN 8th 2017, I WAS Assulted by the police officers, At the 70pct IN BRlyN Location of Incident WAS At 1058 Coneyisland Ave BRlyN NY 11230 I WAS PuNch repeatly IN the face while handcuffed behind my back laying face down,

| What happened to you? |

Sheild # 19639 officer Taimur RAJA/AND David Vazquez Sheild # 20393, Also Blye Brown Sheild # 16513, held me down while hands behind my Back Laying face down oN street Pavement, while officer estharlin Lopez Sheild # 17248, repeatly PuNch me IN head AreA.

| Who did what? |

| Was anyone else involved? |

The Judge Joanne D QuiNones My Lawyer Defense Attorney Regis Public defenders office There Ils Video survallence footage displaying the entire Assult by police officers

| Who else saw what happened? |

## III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. Before the Assult I WAS diagnose With Advance glucoma After I was assulted by police officers Im now Legaly Blind IN Both eyes, I now walk With A blind stick, And IN the hospital ward.

## IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ____   No ✗   It happen when I WAS Assulted ON the street pavement OF 1058 Coneyisland Ave BRlyN NY 11230

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____ *N/A* _____

_____

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____   No _____   Do Not Know _____ *N/A I filed A complaint with Internal Affairs/CCRB*

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____   No ✗   Do Not Know _____ *N/A*

If YES, which claim(s)? _____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____   No ✗

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____   No ✗ *N/A*

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance? *No I file A grievance About A.D.A*

1.    Which claim(s) in this complaint did you grieve? *None I filed two complaints with CCRB / Internal Affairs*

2.    What was the result, if any? *I Have An Investigator from Internal Affairs' lieutenant Howery Id Long 2017 18430*

3.    What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. *The complaint is not A grievance I file A complaint Requesting An Investigation of the Assult Nina Mickens CCRB 2017 03481 ID # Im still waiting for result, but Nothing has been done.*

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here: *A grievance, does not work with police, officers from A precinct you have to use CCRB / Internal Affairs*

2.    If you did not file a grievance but informed any officials of your claim, state who you

informed, when and how, and their response, if any: BRLYN south
Investigator Lieutenant Howery
PBBS ID Log # 2017 18430
NINA Michan civilian complaint
Review board # Log 201703481

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. I've contact these two Agencys And the civilian complaint Review board Inform are that my Attorney has to consent to A Interview In which I inform my Attorney I want to speak with Nina Michen And she refused to let me speak to her now I'm filing A complaint Against her

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.   Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). I'm humbly Ashray the courts to relieve All officers off there Job, And have Assult charges brought upon them. I'm Also requesting that I'm Awarded the Amount of 3 million dollars for the grave Assult Inflicted upon me, by the hands of these New York City government officials At the 70 pct Due to there Assult I'm Now legally Blind the excessive force Cruel unusual punishment has Alter my life entirely All criminal proceeding Investigated to My Alledge Charges

**VI.**     **Previous lawsuits:**

<div style="border:1px solid">On these claims</div>

A.     Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _✓_   No ____

B.     If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.     Parties to the previous lawsuit:

Plaintiff _Prison health service / Health and hospital Dept of_

Defendants _Correction  NY City  police dept_

2.     Court (if federal court, name the district; if state court, name the county) _Bronx county_

3.     Docket or Index number _22 T97 | 2006_

4.     Name of Judge assigned to your case _DANZiGers_

5.     Approximate date of filing lawsuit _2006_

6.     Is the case still pending?  Yes _✓_  No ____

If NO, give the approximate date of disposition _____

7.     What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _Judge in my favor  settlement  offer  75,000_

<div style="border:1px solid">On other claims</div>

C.     Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes ____   No _✗_

D.     If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.     Parties to the previous lawsuit:

Plaintiff _N/A_

Defendants _____

2.     Court (if federal court, name the district; if state court, name the county) _____

3.     Docket or Index number _____

4.     Name of Judge assigned to your case _N/A_

5.     Approximate date of filing lawsuit _____

6.     Is the case still pending?  Yes ____  No ____

If NO, give the approximate date of disposition _____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____ *N/A* _____
_____
_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 12 day of  August , 20 17

                    Signature of Plaintiff  _Muled Whllud_ .
                    Inmate Number            _1411 700256_
                    Institution Address       _1500 Hazen St Dorm 11_
                                              _East Elmhurst Queens_
                                              _11370_
                                         _____

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 12 day of  August , 20 17, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                    Signature of Plaintiff: _Muled Whlly_____

Date: 5/25/17

From: Michael Walker ID# 141-17-00256
      1500 Hazen Street Dorm 1
      East Elmhurst, New York 11370

                                          42 U.S.C. 1983

  To: State Comptroller Office Pending
      Claim# 2001 0360 7212 4746 : 1

      Certified Mail Receipt
      # 7015 0640 000 3 9547 7294

      C.C.R.B. [Civil Complaint Review Board]
      # 2017 03481

## PRACTICAL CONSEQUENCES

Entering the threshold of Civil/Criminal Violations: 70th Precinct

  Police officer(s) (government officials) caught on camera
asulting plaintiff Michael T. Walker.

Actual description of video survalleance tape:
    Footage shows plaintiff Michael T. Walker is handcuff with
    hands behind his back. Officers are holding him face down on
    pavement while officers repeatedly strike plaintiff about the
    face with closed fist.

                        1 of 8

Plaintiff has filed Notice of Claim with the State Comptroller's Office, the Internal Affairs and the Civil Complaint Review Board. The (C.C.R.B) investigator's name is Abedrabb , file# 201703481.

Plaintiff intends to provide investigators from Internal Affairs Civil Complaint Review Board. Also, evidence of the survailleance footage will be produced to establish what officer(s) were present during the arrest to determine those on the tape.

## SUBPOENAS

1) Taimur Raja    Sheild# 19639
2) David Vasquez   Sheild# 20393
3) Estharlin Lopez   Sheild# 17248
4) Klye Brown    Sheild# 16513

Footage is protected by plaintiff's criminal attorney name [Regis] address; 177 Livingston St. Brooklyn, N.Y. Tel. (718-254-0700).

2 of 8

## CIVIL LIABILITY

New York City Police Department as a whole is constantly suffering from major complaints, most likely pertaining to complaints that are made by civilians. These complaints leads the City to Millions of dollars with potential liabilities from a host of potential plaintiff(s).

Plaintiff, Michael T. Walker has solid evidence to extract seven figures in settlement along with alot of other consequences. The New York City Police department is already dealing with a multitude of regulatory regimes such as police shootings of unarmed blackmen and excessive force. It is very clear that the need to develope a more robust method that will help New York City, on down to the Court system, Rikers island and the police department.

## LEGAL MICROSCOPE

Search and Seizure of a Person;

As reiterated, plaintiff Michael T. Walker was handcuffed then beaten while laying faced down outside on a street pavement by government officials. The severity of the alleged crime at issue is whether the plaintiff while being handcuffed behind his back posed an immediate threat to the safety of law enforcement officer(s).

When the Internal Affairs, as well as the Civilian Complaint
Review Board examine the video footage, it will clearly establish
that the plaintiff was laying faced down, handcuffed and posing no
threat whatsoever. Nor was the plaintiff resisting arrest or
attempting to evade arrest by fight. In fact, footage shows
plaintiff being held down handcuffed and repeatedly being hit
upon the skull area.

These government official provided Cruel and Unusual punishment
(Constitutional protection against physically abusive conduct by
government official). Nontheless, a violation of Due Process
provides a method for vindicating Federal Rights unreasonable
Seizure of the plaintiff.

### BREAKING THE MOLD

Police brutality is and has always been a problem for many
years, many of those (plaintiff) that places an 42 U.S.C 1983
Obstruction of Justice claim never make it, but those cases that
survives a motion to dismiss are done by the largest Patrolmen's
Benevolent Association (P.B.A) of New York City. These attorney(s)
that defend the police men and women know that there is a protection
code which is the Blue Wall that gives an advantage in any and
all situations. Cases like these are nothing more than just the
sentiment of a few out of control precinct bullies.

It has long became evident that the administration has repeatedly tried to blame the victims of police murder and brutality for the crimes carried out against them, therefore the Justice department must now exersise it's inherent authority to file charges against government officials that violate the Codes of Professional Responsibility.

## <u>INJURIES SUSTAINED</u>

Plaintiff was diagnose with glucoma in its advance stages in 2016. Plaintiff eye doctor name is; Dr. Scott office located at SUNY Medical-Nostrad ave. in Brooklyn N.Y.

Plaintiff is prescribed 2 drops a day for the 4 months he visited with doctor scott.
medications prescrib;
1) timorol
2) Biophast-2 drops daily(dosage)

On or about January 9, 2017 at 7:30pm-1058 Coneyisland ave. plaintiff was arrested and beaten by several N.Y.C. police officer(s).

On or about January 24, 2017 while residing at Rikers Island (O.B.C.C.) upon entering the infirmary, plaintiff complained about his eye sight not being well, he was examine and transfered to West Facility (Rikers Island) to see a specialist by whom determined that plaintiff is now legally blind.

## FACTUAL OCCURENCE

Plaintiff now suffers from vision of shadows and only sees dark shadows, no skin tones or features of a person or object. Although plaintiff did receive and was equip with a blind man's stick, it doesn't eliviate the fact that his Federal Constitutional Rights have been violated.

## CASE LAW

In the police brutality case of Abnee Louima on March 6, 1997 at the hands of the 70th precinct, three N.Y.C. police officer(s) were convicted of a savage assult invoving Thomas Weise, Thomas Bruder, Charles Schwarz and Justin Volpe, all government officials of the 70th precinct.

With the incident involving Abner Louima, the officers at the
70th precinct sodomized him with a broomstick, tearing a one inch
hole in his rectum and bladder.

Simularities in both cases at the 70th precinct:

   Plaintiff Michael Walker was held down while officers beat him
in the face. Please note; The officer that held Abner Louima down
while he was assulted was charged with a possible term of life.
( Police officer Charles Schwarz)

## CRIMINAL INDICTMENT ARE IMMINENT

counts

   Obstruction of Justice
   Assult (gang) in the second degree-Pl. 120.05
   Falsified Statements (police report)

 In a more fundamental sense, the on street pavement torture
took place within a definite political and social enviornment
that has been fostered in New York. The police department as a
whole have been given way to much power by the givernment.
They have been suppressing the rights of millions of poor residents.

7 of 8

## SORT OF RELIEF

When parties are negotiating an agreement or exchanging terms to avoid further proceedings, they form the basis for a more formalized agreement.

In this procedure, there was no shortage of expectations, the parties however, should be aware that there are subtle differences between the approaches of criminal and civil.

The question remains; being accused of an alledged criminal act is subject to civil proceedings.

New York Courts imposes a duty to negotiate in good faith, so when parties who have spent time and resorces negotiating thye terms of an agreement can have assurances.

Generally, negotiating in good faith requires each party to be honest about the repective interest, positions or understandings.

Respectfully,

Sworn to before me,
This 30 day of May 2017

OKON J AKPAN
Notary Public, State of New York
No. 01AK6161518
Qualified in Queens County
Commission Expires February 26, 20 19          9 of 9

## SHOWMENSHIP OF CASE RESEARCH

Plaintiff Michael .T. Walker In U.S.C. 1983 Law.
I will allow access to the following cases before hearings and
trial. This Judicial vehicle, with fact finding visual headlights,
will be equip with excessive force, cruel and unusual treatment,
not to mention qualified immunity.

The roots of Federal Rights are produced inside the soil of
the United states Constitution. The American people wheather
un-a-like in color or creed, all have a common ground to stand on
regardless as a citizen, detainee, or sentence prisoners, which
is the freedom to execise your rights.

Plaintiff, was handcuffed behind his back laying face down.
see Brooks vs. Auroa 653, F.3rd 478, 487 (7th Cir 2007) which
ruled government officials were wrong to use physical force while
arestee was already handcuffed.

## CHALLENGING QUALIFIED IMMUNITY

See Lewis vs. Downey 587 F.3rd 467, 478 (7th Cir 2009) arestee
being handcu7ffed was significant enough to deny qualified immunity.
Also, see Sallenger vs. Oaks 473 F.3rd. 478, 487 (7th Cir. 2011)
force applied while handcuffed held-down excessive force.
Kingsley vs. Hendrickson U.S. 135 S Ct. 2466, 192 Led 2d. 416
(2015).

Special Needs Form                                                      Page 1 of 1



### Special Needs Form

| | |
|---|---|
| **PATIENT NAME: WALKER, MICHAEL** | **FACILITY:** North Infirmary Command |
| **NYSID:** 05171715Q | **BookCase:** 1411700256 |

I have reviewed the patient's record and I have found that patient will need the
following Special Needs/Special Requirements

1. **Assistive Device : Blind Stick ( 03/07/2017 - 12/31/2017 )**

*U Blain RPA - C*
Signature

Blain, Myriam 05/05/2017 12:40 PM
Print Name/Date/Time

Patient Summary                                                                 Page 2 of 7

**NYSID:** 05171715Q  **BookCase:** 1411700256
**WALKER, MICHAEL**
385 EAST 18TH STREET, 2J, BK, NY 11226

**DOB:** 03/08/1967   **Age:** 50 Y   **Sex:** male          **Primary Insurance:**
**Home:**                                                    **PCP:**
**Work:**
**Cell:**                                                    **Account Number:**   335690
**Email:**
**Advance Directive:**

**Allergies:**   N.K.D.A

| | |
|---|---|
| | condoms: No |

### Family History

| Relation : Description |
|---|
| Father: deceased |
| Mother: deceased |
| 1 brother(s) - healthy. 1 son(s) - healthy. |

### Immunizations

| Name | Date | Dosage |
|---|---|---|
| Influenza - Refused (Not administered - Refused : Patient decision) | 2017-01-11 | |
| Hepatitis B (20 and more) - Refused (Not administered - Refused : Patient decision) | 2017-01-11 | 1.0 |
| Hepatitis B (20 and more) - Refused (Not administered - Refused : Patient decision) | 2016-09-16 | 1.0 |

### Vitals

| Name | Date | Value |
|---|---|---|
| Temp | 07/17/2017 | 96.9 |
| BP | 07/17/2017 | 122/75 |
| RR | 07/17/2017 | 16 |
| Pulse | 07/17/2017 | 62 |
| SaO2 | 07/17/2017 | 98%RA |

### Patient Encounters

| Date | Visit | Reason | Diagnosis |
|---|---|---|---|
| 07/17/2017 | Infirmary | Glaucoma OU | Infirmary Status - Chronic |
| | | | Unqualified visual loss, both eyes |
| | | | Unspecified glaucoma |
| 07/12/2017 | Inf-Nursin | Chronic Nurses Note | |
| 07/07/2017 | Infirmary | glaucoma OU | Infirmary Status - Chronic |
| | | | Unqualified visual loss, both eyes |
| | | | Unspecified glaucoma |
| 07/07/2017 | Optometry | | |
| 07/05/2017 | Inf-Nursin | chronic note | |
| 06/28/2017 | Inf-Nursin | Chronic Notes | |
| 06/27/2017 | Indirect | medication renewal | Glaucoma NOS |
| 06/21/2017 | Nursing | CHRONIC | |
| 06/20/2017 | Infirmary | Glaucoma OU | Unqualified visual loss, both eyes |
| | | | Infirmary Status - Chronic |
| | | | Unspecified glaucoma |
| 06/20/2017 | Indirect | renew eye drop medication | |
| 06/19/2017 | Indirect | medication renewal | Glaucoma NOS |
| 06/15/2017 | Orthopedic | | Contusion of unspecified lower leg, initial encounter |
| 06/14/2017 | Inf-Nursin | Chronic Notes | |
| 06/13/2017 | Infirmary | Blind OU / Glaucoma | Infirmary Status - Chronic |
| | | | BLINDNESS NOS, BOTH EYES |
| | | | Unspecified glaucoma |
| 06/09/2017 | Infirmary | glaucoma / blind OU | Infirmary Status - Chronic |

# Patient Summary

**NYSID:** 05171715Q   **BookCase:** 1411700256

## WALKER, MICHAEL

385 EAST 18TH STREET, 2J, BK, NY 11226

**DOB:** 03/08/1967   **Age:** 50 Y   **Sex:** male

Home:
Work:
Cell:
Email:
Advance Directive:

**Primary Insurance:**
**PCP:**
**Account Number:** 335690

**Allergies :**  N.K.D.A

## Medical History

### Active Problem List

| Code | Name | Specify | Notes | Added On | Modified On | Modified By |
|------|------|---------|-------|----------|-------------|-------------|
| 365.9 | Glaucoma NOS | | | 09/16/2016 | 01/26/2017 | Joseph, Rony |
| 796.2 | Elevated blood pressure reading without diagnosis of hypertension | | | 09/16/2016 | 01/26/2017 | Joseph, Rony |
| 780.60 | FEVER NOS | | | 01/11/2017 | 01/11/2017 | Oo, Aung |
| 998.30 | WOUND DISRUPTION NOS | | | 01/11/2017 | 02/14/2017 | Blain, Myriam |
| 834.00 | DISL FINGER NOS-CLOSED | | | 01/11/2017 | 02/14/2017 | Blain, Myriam |
| 816.00 | Closed fracture of finger NOS | | | 01/17/2017 | 01/27/2017 | Blain, Myriam |
| 365.9 | Glaucoma NOS | | | 01/18/2017 | 05/18/2017 | Blain, Myriam |
| 369.3 | BLINDNESS NOS, BOTH EYES | | | 01/18/2017 | 05/18/2017 | Blain, Myriam |
| 362.40 | Retinal layer separation, unspecified | | | 01/18/2017 | 02/14/2017 | Blain, Myriam |
| V70.0 | ROUTINE MEDICAL EXAM | | | 01/26/2017 | 01/30/2017 | Blain, Myriam |
| 729.5 | Pain in limb | | | 01/27/2017 | 01/27/2017 | Blain, Myriam |
| I1 | Infirmary Status - Chronic | | | 01/30/2017 | 06/13/2017 | Blain, Myriam |
| 367.0 | Hyperopia | | | 02/03/2017 | 05/12/2017 | Hyman, Barry |
| 757.5 | NAIL ANOMALIES NEC | hypertrophic, dystrophic, nails 1-5 B/L | | 02/14/2017 | 03/10/2017 | Goldberg, Allan |
| 924.10 | Contusion of lower leg | Left | | 02/16/2017 | 02/16/2017 | Gordon, Kennedy F |
| RI301 | Dental Class II Restorative and/or Periodontal Treatment Indicated | | | 02/28/2017 | 02/28/2017 | Pigott, Sydney |
| 110.9 | Tinea | plantar tinea B/L and interdigital tinea B/L | | 03/10/2017 | 03/10/2017 | Goldberg, Allan |
| 706.8 | Xerosis cutis | dorsal xerosis B/L | | 03/10/2017 | 03/10/2017 | Goldberg, Allan |

## Medications

### Name strength formulation, Sig: take route frequency

Latanoprost 0.005 % Solution, Total Dose: 1 drop/ both eyes Ophthalmic Daily Start Date: 06/27/2017 KOP: No DrugSource: RN/LPN DOT

Brimonidine Tartrate 0.15 % Solution, Total Dose: 1 drop to both eyes Ophthalmic Three Times a Day Start Date: 06/19/2017 KOP: No DrugSource: RN/LPN DOT

Cosopt 22.3-6.8 MG/ML Solution, Total Dose: 1 drop to Both eyes Ophthalmic Twice a Day Start Date: 06/19/2017 KOP: No DrugSource: RN/LPN DOT

## Surgical History

| Date | Reason |
|------|--------|
| 2015 | Hip surgery ORIF @ Lincon hospital |
| 2016 | ROD in RT femur, leg, hip. |
| 1/8/17 | Rt leg surgical suture for glass laceration. |

## Hospitalization

| Date | Reason |
|------|--------|
| | As Above |

## Social History

| Name | Value |
|------|-------|
| Drug use | currently using drugs: No, ever used drugs: No, currently in methadone program: No, Ever accidentally overdosed: No, Ever used a needle to inject drugs: No |
| smoking | are you a smoker: never |
| alcohol | do you drink: No |
| violence | ever hit or assaulted anyone: No, ever been charged with sexual offense: No, ever been assaulted: Yes, ever been a victim of sexual abuse: No |
| education | grade level completed: some college , learning disability: No, were you in special education: No |
| Sexual history | sexually active with: women , current number of sexual partners: 01, do you and your partner use |

Patient Summary

**NYSID:** 05171715Q   **BookCase:** 1411700256

**WALKER, MICHAEL**
385 EAST 18TH STREET, 2J, BK, NY 11226

**DOB:** 03/08/1967   **Age:** 50 Y   **Sex:** male

**Home:**
**Work:**
**Cell:**
**Email:**
**Advance Directive:**

**Primary Insurance:**
**PCP:**
**Account Number:** 335690

**Allergies :** N.K.D.A

| | | | |
|---|---|---|---|
| | | | Unqualified visual loss, both eyes |
| | | | Unspecified glaucoma |
| 06/07/2017 | Inf-Nursin | Chronic Notes | |
| 05/31/2017 | Inf-Nursin | Chronic Note | |
| 05/25/2017 | Nursing | | |
| 05/24/2017 | Inf-Nursin | Chronic Note | |
| 05/18/2017 | Infirmary | glaucoma / blind OU | Infirmary Status - Chronic |
| | | | BLINDNESS NOS, BOTH EYES |
| | | | Glaucoma NOS |
| 05/17/2017 | Nursing | CHRONIC | |
| 05/12/2017 | Optometry | | Hyperopia |
| | | | Glaucoma NOS |
| 05/10/2017 | Inf-Nursin | Chronic Note | |
| 05/05/2017 | Infirmary | glaucoma / blind OU | Infirmary Status - Chronic |
| | | | ROUTINE MEDICAL EXAM |
| | | | BLINDNESS NOS, BOTH EYES |
| | | | Glaucoma NOS |
| 05/03/2017 | Inf-Nursin | chronic note | |
| 04/26/2017 | Inf-Nursin | Chronic Nurses Note | |
| 04/26/2017 | Infirmary | glaucoma / blind OU | Infirmary Status - Chronic |
| | | | BLINDNESS NOS, BOTH EYES |
| | | | Glaucoma NOS |
| 04/21/2017 | Optometry | | |
| 04/20/2017 | Orthopedic | | Contusion of lower leg |
| 04/19/2017 | Inf-Nursin | Chronic Nurses Note | |
| 04/12/2017 | Inf-Nursin | Chronic Nurses Note | |
| 04/07/2017 | Infirmary | glaucoma / blind OU | Glaucoma NOS |
| | | | Infirmary Status - Chronic |
| 04/05/2017 | Inf-Nursin | Chronic Nurses Note | |
| 03/31/2017 | Infirmary | glaucoma / blind OU | Infirmary Status - Chronic |
| | | | Glaucoma NOS |
| 03/31/2017 | Indirect | medication renewal | Glaucoma NOS |
| 03/29/2017 | Inf-Nursin | Chronic Nurses Note | |
| 03/28/2017 | THCC | THCC Point of Service Contact | |
| 03/24/2017 | THCC | THCC Collateral Contact | |
| 03/24/2017 | Infirmary | glaucoma / blind OU | Infirmary Status - Chronic |
| | | | Glaucoma NOS |
| | | | BLINDNESS NOS, BOTH EYES |
| 03/24/2017 | Indirect | Medication renewal | Glaucoma NOS |
| 03/23/2017 | Indirect | medication renewal | Glaucoma NOS |
| 03/22/2017 | Inf-Nursin | Chronic Nurses Note | |
| 03/21/2017 | PhysicalTh | | Pain in limb |
| 03/20/2017 | PhysicalTh | | |
| 03/16/2017 | PhysicalTh | | Contusion of lower leg |
| 03/15/2017 | Inf-Nursin | Chronic Nurses Note | |
| 03/15/2017 | PhysicalTh | | Pain in limb |
| 03/13/2017 | Infirmary | glaucoma / blind OU | Infirmary Status - Chronic |

Patient Summary                                                                              Page 4 of 7

**NYSID:** 05171715Q   **BookCase:** 1411700256
**WALKER, MICHAEL**
385 EAST 18TH STREET, 2J, BK, NY 11226

**DOB:** 03/08/1967   **Age:** 50 Y   **Sex:** male

Home:
Work:
Cell:
Email:
Advance Directive:

Primary Insurance:
PCP:
Account Number:   335690

**Allergies :   N.K.D.A**

| | | | |
|---|---|---|---|
| | | | Closed fracture of finger NOS |
| | | | Contusion of lower leg |
| | | | Glaucoma NOS |
| | | | BLINDNESS NOS, BOTH EYES |
| 03/13/2017 | PhysicalTh | | |
| 03/10/2017 | Podiatry | foot care | NAIL ANOMALIES NEC |
| | | | Tinea |
| | | | Xerosis cutis |
| 03/10/2017 | Infirmary | glaucoma / blind OU | Glaucoma NOS |
| | | | BLINDNESS NOS, BOTH EYES |
| | | | Infirmary Status - Chronic |
| 03/09/2017 | PhysicalTh | | |
| 03/08/2017 | Inf-Nursin | Chronic Nurses Note | |
| 03/07/2017 | Infirmary | glaucoma / Blind both eyes | Infirmary Status - Chronic |
| | | | Glaucoma NOS |
| | | | Contusion of lower leg |
| 03/07/2017 | PhysicalTh | | Pain in limb |
| 03/06/2017 | PhysicalTh | | Contusion of lower leg |
| 03/03/2017 | Optometry | | |
| 03/02/2017 | PhysicalTh | | |
| 03/01/2017 | PhysicalTh | | Contusion of lower leg |
| 02/28/2017 | Infirmary | glaucoma /contusion LLE | Infirmary Status - Chronic |
| | | | Pain in limb |
| | | | Glaucoma NOS |
| 02/28/2017 | PhysicalTh | | |
| 02/28/2017 | Dental | exam | Dental Class II Restorative and/or Periodontal Treatment Indicated |
| 02/27/2017 | PhysicalTh | | Contusion of lower leg |
| 02/22/2017 | Inf-Nursin | Chronic Note | |
| 02/22/2017 | Infirmary | aftercare letter | Infirmary Status - Chronic |
| 02/21/2017 | Infirmary | wound care / glaucoma / LE injury | Infirmary Status - Chronic |
| | | | Contusion of lower leg |
| | | | WOUND DISRUPTION NOS |
| | | | Glaucoma NOS |
| 02/17/2017 | Hospital | Specialty Clinic Return | Glaucoma NOS |
| 02/17/2017 | Indirect | medication order | Contusion of lower leg |
| 02/16/2017 | Orthopedic | Specialty Clinic Ortho | Contusion of lower leg |
| 02/16/2017 | Infirmary | BVH hand clinic return | Infirmary Status - Chronic |
| | | | DISL FINGER NOS-CLOSED |
| 02/15/2017 | Inf-Nursin | Chronic Nurses Note | |
| 02/14/2017 | Infirmary | Glaucoma / LE Injury | Infirmary Status - Chronic |
| | | | Glaucoma NOS |
| | | | Pain in limb |
| | | | WOUND DISRUPTION NOS |
| | | | Retinal layer separation, unspecified |
| | | | DISL FINGER NOS-CLOSED |
| | | | NAIL ANOMALIES NEC |

**NYSID:** 05171715Q  **BookCase:** 1411700256
## WALKER, MICHAEL
385 EAST 18TH STREET, 2J, BK, NY 11226

**DOB:** 03/08/1967  **Age:** 50 Y  **Sex:** male

**Home:**
**Work:**
**Cell:**
**Email:**
**Advance Directive:**

**Primary Insurance:**
**PCP:**
**Account Number:**  335690

**Allergies:**  N.K.D.A

| Date | Location | Note | Diagnosis |
|---|---|---|---|
| 02/11/2017 | Infirmary | Wound care order renewal | WOUND DISRUPTION NOS |
| 02/10/2017 | Infirmary | | DENTAL EXAMINATION |
| 02/10/2017 | Optometry | Specialty Clinic opto. | |
| 02/08/2017 | Inf-Nursin | Chronic Nurses Note | |
| 02/08/2017 | Infirmary | broken glasses / left leg pain | Pain in limb |
| | | | Infirmary Status - Chronic |
| | | | Hyperopia |
| | | | DISL FINGER NOS-CLOSED |
| 02/07/2017 | Infirmary | glaucoma / LE injury b/l | Infirmary Status - Chronic |
| | | | Pain in limb |
| | | | WOUND DISRUPTION NOS |
| | | | Closed fracture of finger NOS |
| | | | Glaucoma NOS |
| 02/03/2017 | Indirect | wound care order | WOUND DISRUPTION NOS |
| 02/03/2017 | Optometry | Specialty Clinic Optometry | Glaucoma NOS |
| | | | Hyperopia |
| 02/03/2017 | Optometry | Specialty Clinic Optometry | |
| 02/01/2017 | Inf-Nursin | chronic note | |
| 01/30/2017 | Infirmary | aftercare letter | ROUTINE MEDICAL EXAM |
| | | | Retinal layer separation, unspecified |
| | | | DISL FINGER NOS-CLOSED |
| | | | Infirmary Status - Chronic |
| 01/27/2017 | Infirmary | Glaucoma , Blind OU , rt 3rd finger fx | WOUND DISRUPTION NOS |
| | | | Closed fracture of finger NOS |
| | | | Pain in limb |
| 01/27/2017 | Infirmary | ophthalmology clinic appt | Retinal layer separation, unspecified |
| | | | Glaucoma NOS |
| 01/26/2017 | Adm - NIC | Transfer Chart Review | Infirmary Status - Acute |
| | | | WOUND DISRUPTION NOS |
| | | | Glaucoma NOS |
| | | | Elevated blood pressure reading without diagnosis of hypertension |
| | | | Closed fracture of finger NOS |
| | | | Glaucoma NOS |
| | | | BLINDNESS NOS, BOTH EYES |
| | | | Retinal layer separation, unspecified |
| | | | ROUTINE MEDICAL EXAM |
| | | | FINGER INJURY NOS |
| 01/26/2017 | Indirect | Pre- admission | BLINDNESS NOS, BOTH EYES |
| | | | Glaucoma NOS |
| | | | Retinal layer separation, unspecified |
| 01/26/2017 | Sick Call | Pt with advanced Glaucoma and rquest to transfer to NIC. | BLINDNESS NOS, BOTH EYES |
| 01/25/2017 | Sick Call | To call NIC for bed availability | BLINDNESS NOS, BOTH EYES |
| 01/24/2017 | Indirect | Rx renewal | |
| 01/24/2017 | Indirect | Rx renewal | Glaucoma NOS |
| 01/24/2017 | Medical | suture removal rt leg | Glaucoma NOS |
| | | | WOUND DISRUPTION NOS |

# Patient Summary

**NYSID:** 05171715Q   **BookCase:** 1411700256

**WALKER, MICHAEL**
385 EAST 18TH STREET, 2J, BK, NY 11226

**DOB:** 03/08/1967   **Age:** 50 Y   **Sex:** male

**Home:**
**Work:**
**Cell:**
**Email:**
**Advance Directive:**

**Primary Insurance:**
**PCP:**
**Account Number:** 335690

**Allergies :** N.K.D.A

| Date | Type | Reason | Diagnosis |
|---|---|---|---|
| 01/23/2017 | Medical | Suture Removal R Leg | |
| 01/22/2017 | Indirect | requesting NIC transfer | BLINDNESS NOS, BOTH EYES |
| 01/20/2017 | Indirect | Pre-admit: bilat decreased vision | Glaucoma NOS |
| 01/20/2017 | Sick Call | decreased vision, wants to go to NIC | BLINDNESS NOS, BOTH EYES<br>Glaucoma NOS<br>Retinal layer separation, unspecified |
| 01/18/2017 | Optometry | Specialty Clinic opto. | Glaucoma NOS<br>BLINDNESS NOS, BOTH EYES<br>Retinal layer separation, unspecified |
| 01/17/2017 | Medical | rt leg wound suture removal, follow up x-ray of the hand; leg wound, elevated BP.. | WOUND DISRUPTION NOS<br>Closed fracture of finger NOS |
| 01/17/2017 | Medical | leg wound, elevated BP. | |
| 01/13/2017 | Medical | leg wound f.u, elevated BP. fever. | |
| 01/11/2017 | Intake | New Intake. | ROUTINE MEDICAL EXAM<br>Elevated blood pressure reading without diagnosis of hypertension<br>Glaucoma NOS<br>FEVER NOS<br>WOUND DISRUPTION NOS<br>DISL FINGER NOS-CLOSED |
| 09/20/2016 | Indirect | Discharge Medication | |
| 09/16/2016 | Indirect | Change Medication Frequency | Glaucoma NOS |
| 09/16/2016 | Intake | | ROUTINE MEDICAL EXAM<br>Screening for other and unspecified cardiovascular conditions<br>Glaucoma NOS<br>Injury of hip and thigh<br>Elevated blood pressure reading without diagnosis of hypertension |

## Referrals

### Outgoing Referrals

| Referral From | Referral To | Start Date | End Date | Reason |
|---|---|---|---|---|
| Myriam Blain, PA | Ophthalmology (REF) Bellevue | 03/07/2017 | 03/07/2018 | advance glaucoma / retinal layer seperation / blindness OU |
| Myriam Blain, PA | Wound Care Nursing | 02/21/2017 | 02/28/2017 | wound care to RLE x 7days |
| Rony Joseph, PA | Optometry NIC | 02/17/2017 | 02/17/2018 | Glaucoma |
| Kennedy F Gordon | Physical Therapy NIC | 02/16/2017 | 02/16/2018 | Residual left shin compartment tenderness (anterior more than inferior) ......No signs or symptoms of compartment syndrome. |
| Myriam Blain, PA | Podiatry WF | 02/14/2017 | 02/14/2018 | hyperpigmented long toe nails |
| Ivor Bharat , PA | Wound Care Nursing | 02/11/2017 | 02/18/2017 | Wound care right lower extremity |
| Saidu Jimoh, PA | Dental EMTC | 02/10/2017 | 02/10/2018 | 49 y/o male pt requesting for routine cleaning. please evaluate and treat.|appt 2/28/17|Seen (Check Out) on 2/28/17 |
| Myriam Blain, PA | Orthopedic NIC | 02/08/2017 | 02/08/2018 | left leg pain / pain on ambulation / uses crutches to ambulate |
| Myriam Blain, PA | Optometry NIC | 02/08/2017 | 02/08/2018 | broken glasses |POL's inserted into new frame |
| Myriam Blain, PA | Wound Care Nursing | 02/03/2017 | 02/10/2017 | wound care to RLE x 7days |
| Myriam Blain, PA | Hand Surgery (REF) Bellevue | 01/27/2017 | 01/27/2018 | comminuted fx of the distal tuft of the rt third finger |
| Myriam Blain, PA | Wound Care Nursing | 01/27/2017 | 02/03/2017 | wound care to rt LE x 7days |
| Rony Joseph, PA | Wound Care Nursing | 01/26/2017 | 02/02/2017 | Wound RLE |
| | Ophthalmology (REF) | | | F/U in Bellevue Ophthalmology clinic at the end of this |

Patient Summary                                                              Page 7 of 7

**NYSID:** 05171715Q **BookCase:** 1411700256

**WALKER, MICHAEL**
385 EAST 18TH STREET, 2J, BK, NY 11226

**DOB:** 03/08/1967   **Age:** 50 Y   **Sex:** male

**Home:**
**Work:**
**Cell:**
**Email:**
**Advance Directive:**

**Primary Insurance:**
**PCP:**
**Account Number:** 335690

**Allergies :** N.K.D.A

| | | | | |
|---|---|---|---|---|
| Towhid Shiblee, MD | Bellevue | 01/24/2017 | 01/24/2018 | week per their recommendations. |
| Barry Hyman, OD | Ophthalmology (REF) Bellevue | 01/18/2017 | 01/18/2018 | Advanced glaucoma with epiretinal membrane OD/ IOP 28 OU (timoptic and xalatan). |
| Jean-Joseph Janvier, MD | Orthopedic (REF) Bellevue | 01/17/2017 | 01/17/2018 | Comminuted Fx Distal R 3rd Finger |
| Jean-Joseph Janvier, MD | Wound Care Nursing | 01/17/2017 | 01/27/2017 | R Leg Wound/swelling |
| Aung Oo, MD | Wound Care Nursing | 01/11/2017 | 01/16/2017 | please clean his Rt leg wound with sterile water and applied dry dressing for 5 days.|please check temp and inform if Temp >98.6 |
| Aung Oo, MD | Internal (REF) DOC | 01/11/2017 | 01/11/2018 | please allow to use pair of crutches for medical reason. |
| Aung Oo, MD | Optometry WF | 01/11/2017 | 01/11/2018 | 48 yr old male glaucoma on treatment for please follow up. |
| Okechukwu Igwe (Inactive), MD | Optometry WF | 09/16/2016 | 09/16/2017 | H/o Glaucoma|Discharged (Cancelled) |

## INMATE REQUEST FOR WITHDRAWAL OF FUNDS FOR POSTAGE

Michael Walker
**INMATE NAME**

1411700256
**BOOK & CASE**

North Infirmary command
**FACILITY**

Recieved 5/8/17

5/15/2017     Yellow
**DATE**       envelope

5/8/17

$7.92
**WITHDRAWAL AMOUNT**

5/8/17

7.92

---

**MAILED TO:**

CCRB
**NAME**

100 church st 16th fl    NY NY 10007
**ADDRESS**       **CITY**       **STATE**       **ZIP CODE**

Michael Walker
**INMATE SIGNATURE**

**DEBITED BY (CASHIER)**

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

# OFFICIAL USE

| Certified Mail Fee | |
|---|---|
| $ | 3.35 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) | $ |
| ☐ Return Receipt (electronic) | $ |
| ☐ Certified Mail Restricted Delivery | $ |
| ☐ Adult Signature Required | $ |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | |
| $ | 1.5x |
| Total Postage and Fees | |
| $ | 7.92 |

Sent To CCRB
Street and Apt. No., or PO Box No. 100 church St
City, State, ZIP+4® New York NY 10007

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7015 0640 0003 4547 7254

**NOTE:** Mailroom Officer forwards thi

## INMATE REQUEST FOR WITHDRAWAL OF FUNDS FOR POSTAGE

Michael Walker
**INMATE NAME**

1911T00256
**BOOK & CASE**

North Infirmary command
**FACILITY**

5/5/2017
**DATE**

5/8/17
7.92

#7.92
**WITHDRAWAL AMOUNT**

---

**MAILED TO:**

NYPD Internal Affairs
**NAME**

315 Hudson St    NY NY    10013
**ADDRESS**

Mike Walker
**INMATE SIGNATURE**

**DEBITED BY (CASHIER)**

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

# OFFICIAL USE

Certified Mail Fee
$   3.35

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)         $
☐ Return Receipt (electronic)       $   2.75
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery $

Postage
$   1.82

Total Postage and Fees
$   7.92

Sent To   NYPD Internal Affairs
Street and Apt. No., or PO Box No.  315 Hudson St
City, State, ZIP+4  New York New York 10013

7015 0640 0003 4547 7638

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

EAST ELMHURST STATION
MAY 1 2017
FLUSHING NY 11369

---

NOTE: Mailroom Officer forwards this

Not a Legal Professional? Visit our consumer site
Register | Log-in

FindLaw    Caselaw    United States    US 7th Cir.    KINGSLEY v. HENDRICKSON

# KINGSLEY v. HENDRICKSON

Print         Font size:  A  A  Reset

## United States Court of Appeals,Seventh Circuit.

### Michael B. KINGSLEY, Plaintiff–Appellant, v. Stan HENDRICKSON, et al., Defendants–Appellees.

### No. 12–3639.

### Decided: September 08, 2015

Before RIPPLE and HAMILTON, Circuit Judges, and STADTMUELLER, District Judge.**Wendy M. Ward, Attorney, Jeffrey Stephen Ward, Merchant & Gould P . C., Madison, WI, Sarah O'Rourke Schrup, Attorney, Northwestern University School of Law, Chicago, IL, for Plaintiff–Appellant. Andrew A. Jones, Attorney, Whyte HirschboeckDudek S.C., Milwaukee, WI, for Defendants–Appellees.

This matter is before the court on remand from the Supreme Court of the United States. On June 22, 2015, the Court vacated our judgment and remanded the case to us for further proceedings. Pursuant to our Circuit Rule 54, the parties now have submitted statements of their respective positions. For the reasons set forth in this opinion, we now vacate the judgment of the district court and remand this case to the district court for a new trial.

A.

We assume familiarity with the decision of the Supreme Court. Kingsley v. Hendrickson, —— U.S. ——, 135 S.Ct. 2466, 192 L.Ed.2d 416 (2015), and with the earlier decision of this court, Kingsley v. Hendrickson, 744 F.3d 443 (7th Cir.2014), and therefore we only briefly summarize those proceedings here. Bringing his action under 42 U.S.C. § 1983 against various officials at the Monroe County Jail in Sparta, Wisconsin, Mr. Kingsley claimed that jail officials had used excessive force in applying a Taser to him while he was held as a pretrial detainee at the facility. The jury found for the defendants. Mr. Kingsley appealed to this court, claiming that he had been prejudiced by the instructions given to the jury. In particular, Mr. Kingsley maintained that the district court had erred in instructing the jury that he was required to establish the subjective intent of the officers. In affirming the judgment of the district court, we determined that the jury "instructions were not an erroneous or confusing statement of the law of this circuit." Kingsley, 744 F.3d at 445. Specifically, we held that relevant Supreme Court precedent directed us to evaluate an excessive force claim by a pretrial detainee using the Due Process Clause of the Fourteenth Amendment. Looking to our own cases, we concluded that "some consideration of [the] intent" of the officers was supported in our cases, but that "it is limited in significant measure by the fact that it is discernable from objective considerations." Id. at 452 (emphasis in original). One of our number dissented.

Resolving a split among the circuits on that issue, the Supreme Court vacated our decision and held "that a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable" and that no showing regarding the defendant's state of mind is required. Kingsley, 135 S.Ct. at 2473. The court then remanded the case to this court and directed us to determine whether the district court's error could be characterized as harmless based "in part on the detailed specifics of th[e] case." Id. at 2477. The Court then remanded the case to this court and directed that we address that issue.

In his Rule 54 statement, Mr. Kingsley submits that we ought to remand this case to the district court for a new trial on his excessive force claim against Sergeant Stan Hendrickson and Deputy Fritz Degner. The defendants take a different position; in their view, the decision of the Supreme Court entitles them to qualified immunity. Alternatively, they submit that any error in the instructions was harmless.

B.

With this background, we now follow the direction of the Supreme Court and address the question of harmless error. "[I]n order to obtain a new trial based on an incorrect jury instruction, [an appellant] must establish both that the instructions failed to properly state the law and that he was prejudiced by the error because the jury was likely to be misled or confused." Davis v. Wessel, 792 F.3d 793, 798 (7th Cir.2015) (alterations in original) (internal quotation marks omitted).1 As the Supreme Court noted, this question is usually a fact-intensive inquiry that requires assessment of the entire record.

We have undertaken the required scrutiny of the record and are convinced that the error in this case cannot be characterized as harmless. True, many of the factors to which the district court invited the jury's attention were

FindLaw Career Center

Attorney
Corporate Counsel
Academic
Judicial Clerk
Summer Associate
Intern
Law Librarian

Search Jobs   Post a Job  |  View More Jobs

View More

FindLaw's Legal Grounds
Latest humorous legal news
delivered to your inbox.
Newsletters.FindLaw.com/

Everyday Legal
Weekly legal news and
inspiring topics newsletter.
Newsletters.FindLaw.com

Open for Business
Small Business Law newsletter.
Newsletters.FindLaw.com

the same factors that a jury would assess under the objective standard now mandated by the Supreme Court. Nevertheless, those factors were suggested to the jury not in the context of applying them to an objective test but as circumstantial evidence from which an inference of reckless or malicious intent might be drawn. Moreover, given the evidence of record, the jurors might well have decided that, although the officers had acted in an objectively unreasonable manner, they did not have the subjective intent required by the erroneous instruction. That is, the jurors might well have concluded that the officers acted in an objectively unreasonable manner in their effort to handle a manacled prisoner, a conclusion supported by the testimony of Mr. Kingsley's expert. Nevertheless, the jury also might have concluded that the officers, while unreasonable in their approach, did not have a reckless or malicious intent.

Under the Supreme Court's holding, Mr. Kingsley should prevail if he is able to establish that the officers acted in an unreasonable manner—without regard to their subjective intent. The evidence of record would have supported a finding for him under that theory, but the jury was told that it also had to find the officers had a proscribed intent. This last requirement increased, significantly, his burden of proof. The error was not harmless.

C.

The defendants next suggest that they should be able to avoid retrial because they are entitled to qualified immunity. Their argument is a nuanced one. In their view, the decision of the Supreme Court, resolving a circuit split in its decision in this case, altered the substantive law of liability. Because there was a division among the circuits on the state of the law at the time that they acted, they contend that they cannot be held liable for their actions.

Although the matter of qualified immunity was brought to the attention of the Court, its instructions to us make no mention of our returning to this issue. In any event, we do not believe that this defense is a viable one here. In § 1983 actions, "[q]ualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." Taylor v. Barkes, —— U.S. ——, ——, 135 S.Ct. 2042, 2044, 192 L.Ed.2d 78 (2015) (internal quotation marks omitted). Under this standard, "[a]n officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in [his] shoes would have understood that he was violating it, meaning that existing precedent . placed the statutory or constitutional question beyond debate." City & Cty. of San Francisco, Cal. v. Sheehan, ——U.S. ——, ——, 135 S.Ct. 1765, 1774, 191 L.Ed.2d 856 (2015) (second and third alteration in original) (citation omitted) (internal quotation marks omitted). To address this question, the Supreme Court has instructed us that we must define the right in question with a sufficient degree of particularity. Thus, in this case, the scope of the right in issue must be drawn more narrowly than the right of a pretrial detainee to be free from excessive force during his detention; instead, we must examine whether the law clearly established that the use of a Taser on a non-resisting detainee, lying prone and handcuffed behind his back, was constitutionally excessive.

Here, the facts surrounding the underlying incident are in sharp dispute. When those facts are construed in the light most favorable to Mr. Kingsley, see Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), a reasonable officer was certainly on notice at the time of the occurrence that Mr. Kingsley's conduct did not justify the sort of force described in his account. According to Mr. Kingsley, he was not resisting the officers in a manner that justified slamming his head into the wall, using a Taser while he was manacled, and leaving him alone after use of that instrument. Our precedent makes clear that when the officers applied the Taser to Mr. Kingsley in May 2010, use of the Taser violated Mr. Kingsley's right to be free from excessive force if he was not resisting. See Lewis v. Downey, 581 F.3d 467, 478–79 (7th Cir.2009) (denying qualified immunity to officers who applied a Taser to a pretrial detainee lying "prone on [a] bed, weakened, and docile," in response to his refusal of an order to get out of bed); Brooks v. City of Aurora, Ill., 653 F.3d 478, 487 (7th. Cir.2011) (noting that prior cases had established the illegality of the use of pepper spray on an arrestee who was "already . handcuffed and . offering no physical resistance" or was "lying face down . with both arms handcuffed behind his back" (internal quotation marks omitted)); see also Sallenger v. Oakes, 473 F.3d 731, 741–42 (7th Cir.2007) (noting, in its evaluation of the officers' conduct for immunity purposes, that the fact that the force was applied after the arrestee was handcuffed was a significant factor in denying immunity); cf. Forrest v. Prine, 620 F.3d 739, 745 (7th Cir.2010) (finding force was not unconstitutionally excessive when Taser was applied "where the officers were faced with aggression, disruption, [and] physical threat" and where plaintiff "posed an immediate threat to safety and order within the jail" (alteration in original) (internal quotation marks omitted)).

If we were to accept the defendants' argument here, we would untether the qualified immunity defense from its moorings of protecting those acting in reliance on a standard that is later determined to be infirm. Here, before and after the Supreme Court's decision in this case, the standards for the amount of force that can be permissibly employed remain the same. To accept the defense of qualified immunity here, we would have to accept the dubious proposition that, at the time the officers acted, they were on notice only that they could not have a reckless or malicious intent and that, as long as they acted without such an intent, they could apply any degree of force they chose. As we have noted, however, the law clearly established that the amount of force had to be reasonable in light of the legitimate objectives of the institution.

Accordingly, the judgment of the district court is reversed, and the case is remanded for further proceedings in accordance with this opinion.

REVERSED and REMANDED

PER CURIAM.



**CIVILIAN COMPLAINT REVIEW BOARD**
100 CHURCH STREET 10th FLOOR
NEW YORK, NEW YORK 10007 ♦ TELEPHONE (212) 912-7235
www.nyc.gov/ccrb



BILL DE BLASIO
MAYOR

MAYA D. WILEY, ESQ.
CHAIR

May 16, 2017

Mr. Michael Walker (NYSID: 05171715Q)
1500 Hazen Street
East Elmhurst, NY 11370

Re: CCRB case number 201703481

Dear Mr. Walker:

I am the investigator assigned to the above-referenced complaint, which was filed with the Civilian Complaint Review Board. The CCRB, which is staffed entirely by civilians, is a city agency independent of the New York City Police Department. I am currently attempting to contact your attorney in order to obtain permission to speak to you regarding the matter.

In order to fully investigate this complaint, I need to speak with your attorney and then yourself as soon as possible. Please call me or have your attorney call me immediately at (212) 912-2016. If I am not in my office when you call, please leave a telephone number and a time at which you can be reached.

Thank you very much for your cooperation.

Sincerely,

Wassim Abedrabbo
Investigator



BILL DE BLASIO
MAYOR

# CIVILIAN COMPLAINT REVIEW BOARD
100 CHURCH STREET 10th FLOOR
NEW YORK, NEW YORK 10007 ♦ TELEPHONE (212) 912-7235
www.nyc.gov/ccrb



MAYA D. WILEY, ESQ.
CHAIR

July 19, 2017

Mr. Michael Walker
1500 Hazen Street
East Elmhurst, NY 11370

Re: CCRB case number 201703481

Dear Mr. Walker:

I am now writing to inform you of the Board's findings on the allegation(s) raised by the above-referenced complaint.

| Allegation(s) by letter : | Board finding(s) : |
|---|---|
| A)   Force:<br>An officer used physical force<br>against Michael Walker. | Complainant Uncooperative |

The Board did not conduct a full and thorough investigation of this complaint in the absence of an available and cooperative complainant and/or victim(s). However, where new evidence or a previously unavailable or uncooperative witness becomes available within eighteen months of the Board's closure of the case, the Board may reopen the case if such new evidence may reasonably lead to a different finding. To request that the Board reopen a closed case, please detail the new evidence and the request in a letter addressed to Nina Mickens, Director of Case Management, at CCRB, 100 Church Street, 10th Floor, New York, NY 10007.

Sincerely,

Jonathan Darche
Executive Director

Enclosure

Confidential





# CIVILIAN COMPLAINT REVIEW BOARD
100 CHURCH STREET 10th FLOOR
NEW YORK, NEW YORK 10007 ♦ TELEPHONE (212) 912-7235
www.nyc.gov/ccrb

BILL DE BLASIO
MAYOR

MAYA D. WILEY, ESQ.
CHAIR

## EXPLANATION OF BOARD FINDINGS

**Substantiated** – the officer(s) committed misconduct.*

**Unfounded** – the officer(s) did not commit the alleged action.

**Unsubstantiated** – it is unclear whether misconduct occurred.

**Exonerated** – the actions of the officer(s) were not found to be misconduct.

**Miscellaneous** – the officer has resigned, retired or has been terminated.

**Officer(s) Unidentified** - the subject officer(s) of the alleged action could not be identified.

**Complainant/Victim Uncooperative** – the complainant/victim did not respond to repeated attempts by the investigator to schedule an interview or failed to appear for scheduled interviews.

**Complainant/Victim Unavailable** – the investigator was unable to locate the complainant/victim with the contact information obtained.

**Victim Unidentified** – there is not enough information to locate the alleged victim.

**Complaint Withdrawn** – the complainant/victim no longer wishes to go forward and asked to withdraw the complaint. No case is closed for this reason until the person states that they are voluntarily withdrawing the complaint.

If you have new evidence, not previously available to the CCRB, or a previously unavailable or uncooperative witness becomes available, the Board may be willing to reopen your case if such new evidence may reasonably lead to a different finding. To request that the Board reopen your case in such circumstances, please detail the new evidence and request in a letter addressed to: Executive Director, at the above address, as soon as possible.

*The Board may, when it substantiates an allegation, make one of the following recommendations:

Formalized Training: The officer should receive training at the Police Academy in regard to the specific allegation(s).
Command discipline: The officer should receive discipline at the local, command level, which may range from instructions to the loss of up to ten days' pay.
Charges and specifications: Charges should be filed against the officer, which may result in an administrative hearing and a penalty more severe than a command discipline.

From Michael Walker 141700256
1500 Hazen St Dorm 1
East Elmhurst Queens 1113
11370

Pro Seme

RECEIVED
AUG 22 2017
CLERK'S OFFICE
SDNY

USM P3
SDNY



**UNITED STATES POSTAL SERVICE**    *Retail*

**P**    US POSTAGE PAID
**$7.20**

Origin: 11369
Destination: 10007
1 Lb 2.30 Oz
Aug. 21, 17
3526690011-10    1006

**PRIORITY MAIL ® 1-Day**

Expected Delivery Day: 08/22/2017    C014

**USPS TRACKING NUMBER**

9505 5161 9363 7233 0694 05



To : United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Court house
New York New York 10007
500 Pearl St New York
NY 10007



**PRIORITY MAIL** ★    **TRACKED ★★★ INSURED**

**UNITED STATES POSTAL SERVICE**

For Domestic Use Only    Label 107R, July 2013