

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**DANIEL H. OLINER**
phone: (212) 356-2329
fax: (212) 356-3509
doliner@law.nyc.gov

November 2, 2017

**BY ECF**
Honorable Lois Bloom
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

      Re: Michael Tracy Walker v. Taimur Raja, *et al.*
        17-CV-5202 (PKC) (LB)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the Office of the Corporation Counsel, and assigned to represent interested party Office of the Corporation Counsel in the above-referenced matter.[1]  I write to respectfully request a stay of this matter, pending the outcome of the Civilian Complaint Review Board's ("CCRB") investigation of individual defendants, police officers Taimur Raja, *Shield #19639*, David Vazquez, *Shield #20393*, Estharlin Lopez, *Shield #17248*, and Kyle Brown, *Shield #16513*.  For the reasons set forth below, this request is made without consent of plaintiff *pro se*, who is, upon information and belief, currently incarcerated at Sullivan Correctional Facility.

    By way of background, plaintiff *pro se* alleges, *inter alia*, that on or about January 8, 2017, he was arrested and assaulted by several NYPD officers, and subsequently diagnosed as legally blind.  See generally, Complaint.  Plaintiff names Taimur Raja, David Vazquez, Estharlin Lopez, and Kyle Brown as defendants (hereinafter collectively referred to as "Defendants").  According to the Civil Docket Report, Defendants were served on or about October 12, 2017, and, accordingly, their answers are due on November 2, 2017.  See generally, Civil Docket Report.

---

[1] This case is assigned to Assistant Corporation Counsel Allyson Brown, who is presently awaiting admission to the New York State Bar and is handling this matter under my supervision.  Ms. Brown may be reached directly at (212) 356-3521 or albrown@law.nyc.gov.

On or about October 10, 2017, the undersigned confirmed, as described in the Complaint, that plaintiff had filed a complaint with the CCRB in regards to his arrest on January 8, 2017. Upon conferring with the CCRB, this Office was informed that it was possible that the investigation would be closed shortly. The undersigned followed up with the CCRB investigators on October 31, 2017, and, late that afternoon, was informed that the matter was still pending. Furthermore, I am informed that the investigation is no longer expected to be concluded presently, and I confirmed that the individual defendants in this matter are all named as either subjects or witnesses therein. Mindful of this Court's instructions to the undersigned in other matters, on November 1, 2017, this Office contacted Sullivan Correctional Facility to set up a call with plaintiff to seek his consent for this application. Upon speaking with Gerry Dresch, an office assistant at Sullivan Correctional Facility, the undersigned was informed that they require, *inter alia*, four to five business days to facilitate a call with an inmate, and therefore it would not be possible to speak to plaintiff in time to obtain his consent to this application. This Office had hoped that the investigation might be concluded in advance of Defendants' time to answer, thereby obviating the need for this request. However, because, upon information and belief, the investigation is unlikely to conclude presently, this Office respectfully requests a stay of the matter until such time as the CCRB's investigation in concluded.

There are several reasons this Office believes a stay is the most efficient manner to proceed in this action. As the Court is aware, N.Y. Gen. Mun. L. § 50-k obliges the Corporation Counsel to reach a conclusion as to whether an employee acted within the scope of his employment at the time of the underlying incident in order to assume that employee's representation. Specifically, N.Y. Gen. Mun. L. § 50-(k)(2) requires this office to determine whether the individual employee "was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." Id.; see also Mercurio v. City of N.Y., 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting Williams v. City of N.Y., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (stating that the decision to represent individual defendants is made by the Corporation Counsel as set forth in state law). Accordingly, the outcome of the CCRB's investigation may very well impact the legal representation of Defendants. Moreover, this Office's ability to meet with or interview Defendants is restricted during the pendency of the CCRB's investigation because of the potential that a conflict of interest may arise between Defendants and the City. At the very least, the limitation on this Office's contact with Defendants significantly hampers this Office's efforts to determine whether it can assume representation of Defendants and, if representation is assumed, to gather facts and assess the case to respond intelligently to the Complaint. The CCRB has not yet indicated when they anticipate the investigation will be completed.

Based on the foregoing, this Office respectfully requests that the Court stay this matter pending the outcome of the CCRB's investigation and respectfully proposes that this Office file a status letter with the Court in 60 days. In the event the Court is not inclined to grant this Office's request for a stay, this Office respectfully requests that Defendants' time to answer the Complaint be enlarged, *sua sponte*, to and including November 30, 2017, so that their defenses are not prejudiced.

Thank you for your consideration herein.

                                                Respectfully submitted,

                                                    /s/

                                              Daniel H. Oliner
                                              Assistant Corporation Counsel
                                              Special Federal Litigation Division

cc:     Michael Tracy Walker
        DIN # 17-A-3801
        Sullivan Correctional Facility
        P.O. Box 116
        Fallsburg, New York 12733
        *Plaintiff Pro Se*
        (*via first class mail*)